IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

LONNIE C. McCOLLUM                                                                          PETITIONER
Reg. #22674-424

VS.                                            2:11CV00067 JTR

T.C. OUTLAW, Warden,                                                                         RESPONDENT
FCI-Forrest City

## MEMORANDUM AND ORDER

Lonnie C. McCollum, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus and supporting Memorandum of Law (docket entries #1, #2). Respondent has filed a Response (docket entry #9), to which Petitioner filed a Reply (docket entry #12). For the reasons that follow, the Petition should be denied.

### I. Background

Petitioner is currently serving a forty-one-month sentence for bank robbery, with a projected release date of January 30, 2013. He alleges that, in considering inmates for pre-release placement in residential reentry centers (RRCs), the Bureau of Prisons (BOP) is violating the Second Chance Act of 2007 in two ways. First, he says the BOP is basing its decisions on a presumption that placement should be no longer than six months, when the Act authorizes twelve months and requires an

individualized determination concerning what would be a sufficient duration to provide the greatest likelihood of successful integration into the community. Second, he says inmates like him are entitled under the Act to separate consideration for the full twelve-month RRC placement as an incentive award for participation in skills development programs while incarcerated. As relief, he asks the Court to direct the BOP to consider the length of his RRC placement in accordance with the provisions of the Second Chance Act.

In response, Respondent argues that: (1) Petitioner has failed to exhaust his administrative remedies within the BOP; (2) the BOP has not yet made a determination of Petitioner's eligibility for release to a RRC; and (3) because no determination had been made, there is no case or controversy for this Court to adjudicate.

## II. Discussion

A.  Exhaustion.

The federal writ of habeas corpus is "an extraordinary remedy" limited to "cases of special urgency." *Willis v. Ciccone*, 506 F.2d 1011, 1014 (8th Cir. 1974). In the context of challenges to the actions of prison authorities, this means that habeas relief can be available only after "administrative procedures which provide a real possibility for relief have been exhausted." *Id.* at 1014-15. Administrative exhaustion promotes

four objectives: "(1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level." *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976).

Thus, federal prisoners challenging the actions of the BOP are required to exhaust the BOP's administrative remedies before seeking judicial review through a § 2241 habeas petition. *Id.* at 868-69; *Willis*, 506 F.2d at 1015; *see also United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000). This includes a prisoner's challenge to BOP regulations and policies regarding community confinement. *Garza v. Davis*, 596 F.3d 1198, 1203-05 (10th Cir. 2010).

The BOP administrative remedy program is a tiered process by which a federal prisoner may seek "review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). An inmate must initially attempt to resolve the issue informally with institutional staff. *Id.* § 542.13(a). Informal resolution must be completed within twenty calendar days following the date on which the basis for the complaint occurred. *Id.* 542.14(a). If no resolution is reached, the inmate must submit a formal written administrative remedy request (BP-9), to which the warden must respond within twenty calendar days. *Id.* §§ 542.14(a), 542.18. If dissatisfied with

the warden's response, the inmate may appeal (BP-10) to the appropriate Regional Director, who must respond within thirty calendar days. *Id.* §§ 542.15(a), 542.18. If still dissatisfied, the inmate may take a final appeal (BP-11) to the Office of General Counsel, who must respond within forty calendar days. *Id.*

Respondent submits a declaration from An Tran, BOP senior litigation counsel, along with supporting documentation, showing that Petitioner has never filed any administrative remedies while in the BOP, much less anything dealing with RRC placement. (Tran Decl. ¶¶ 5-8 & Att. 2 [docket entry # 9-1, at 2 & 9].)

Petitioner argues that he should not be required to exhaust because exhaustion would be futile and the timing of the BOP's administrative process would cause him irreparable harm (docket entry #12, at 2-3). Respondent filed his Response in June 2011, alerting Petitioner of the non-exhaustion defense and giving him ample time to initiate the BOP's administrative process. At this time, Petitioner's projected release date is still almost sixteen months away. He has not alleged any attempt to utilize the BOP's administrative procedures, and his belief that such a pursuit would be unsuccessful does not render the remedy futile. Before the federal court intervenes, he should be required to provide the BOP an opportunity to fully assess his claims regarding RRC placement and, possibly, resolve his concerns.

Under these circumstances, this § 2241 petition should be denied, without

prejudice. This will preserve Petitioner's right to refile this action, if necessary, after he has exhausted the BOP's administrative remedies.

  B. <u>Case or Controversy</u>.

"[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement" of Article III of the United States Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To have standing to bring an action in federal court, a plaintiff must establish, at a minimum, that he has "suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560-61 (citations and internal quotation marks omitted).

In his Memorandum of Law, Petitioner referred several times to the BOP's "decision to place him in a RRC for only five to six months" (docket entry #2, at 6, 7, 9, 10, 11).[1] However, according to the Response and supporting documentation, institutional staff had not yet evaluated Petitioner for RRC placement as of June 10, 2011, and had made no RRC determination. Respondent stated that Petitioner would be evaluated when he was closer to his projected release date and would be evaluated

---

[1]All of the references are in the argument section of Petitioner's Memorandum, which was lifted, almost word for word, from the court's opinion in *Krueger v. Martinez*, 665 F. Supp. 2d 477 (M.D. Penn. 2009). *Cf. id.* at 479-86 *with* docket entry #2, at 2-13. Unlike this case, it was clear in *Krueger* that the petitioner had been evaluated for RRC placement and had been recommended for five to six months of placement. *Krueger*, 665 F. Supp. 2d at 479.

in accordance with the BOP guidelines and policies for RRC placement.[2] Respondent further stated that Petitioner had requested relocation of supervision from the Northern District of Illinois to the Eastern District of Michigan, and that RRC placement review could not be conducted until his site of supervision was determined.  (*See* Tran Decl. ¶¶ 9-11.)

The Court directed Petitioner to reply to Respondent's arguments for dismissal, specifically advising him of the assertion that no RRC placement evaluation had been made (docket entry #10).  In his Reply, filed on July 5, 2011, Petitioner did not address the BOP official's declaration that no RRC evaluation or determination had been made, nor has he attempted to provide evidence of any such determination.[3] Because he has failed to establish that he has suffered any injury, Petitioner lacks standing to bring his claims alleging violations of the Second Chance Act. *See Stanko v. Obama*, 393 F. App'x 849, 851 (3d Cir. 2010) (unpublished) (federal prisoner's § 2241 petition properly dismissed for lack of standing where BOP had not yet made RRC decision at time prisoner filed petition).

---

[2]Respondent asserts that, under BOP policy, inmates are evaluated for RRC placement when they are within seventeen to nineteen months of release.  Petitioner's projected release date is January 30, 2013, making June 30, 2011, the earliest possible evaluation date.

[3]Like his Memorandum, Petitioner's Reply simply lifts language from *Krueger* referring to that petitioner's "5-6 month RRC placement" decision (docket entry #12, at 9, 11, 13, 14).

## III. Conclusion

IT IS THEREFORE ORDERED THAT this 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus (docket entry #1) is DENIED, and this case is dismissed, without prejudice.

DATED this 13th day of October, 2011.

_____
UNITED STATES MAGISTRATE JUDGE